IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 No. 06-20033

DANIEL SCOTT OGDEN,

    Defendant.

---

ORDER DENYING DEFENDANT'S FIRST MOTION TO RECONSIDER

---

The Defendant, Daniel Scott Ogden, is facing various charges arising from an alleged sexual encounter with a minor and alleged possession of child pornography. Before the Court is the Defendant's motion to reconsider its Order granting in part and denying in part his second motion to suppress. (Docket Entry ("D.E.") No. 81.) The United States has responded and this motion is now ripe for disposition.

The Federal Rules of Criminal Procedure do not provide for motions to reconsider. "Courts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." United States v. Willyard, No. 3:07-CR-44, 2008 WL 471683, at *1 (E.D. Tenn. Feb. 19, 2008) (citation omitted).

> The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters properly encompassed in a decision on the merits. This rule gives the district court the power to rectify its own mistakes . . . Generally, three situations justify a district court altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice. It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal.

Sherwood v. Royal Ins. Co. of Am., 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003) (internal citations and quotation marks omitted). Moreover, "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC, 477 F.3d 383, 395 (6th Cir. 2007) (citation omitted).

In his motion to reconsider, the Defendant largely reasserts the arguments he raised in his motion to suppress. For the reasons given in the Order denying the motion to suppress, the Court rejects those arguments and advises the Defendant that the proper means of seeking redress is to file an appeal. Ogden also disagrees with the Court's application of several cases in its discussion of whether there was probable cause to issue the search warrant and whether the warrant was overbroad. The Court does not find, however, that its application of these cases presents a clear error of law. Moreover, the Court rejects the Defendant's renewed contention that the good faith exception does not apply. Thus, even if the warrant was defective, the evidence should not be suppressed.

Ogden also claims the Court ignored certain arguments he presented in his motion to suppress. He contends that the Court did not make the threshold finding required by 18 U.S.C. § 2256(2)(A)(v) that the minor's genitals were displayed in the photographs described in the affidavit attached to the warrant. This contention ignores, however, that the Court held that there was a fair probability, based on the information in the affidavit, that her genitals were exhibited in the photographs, given that 1) she was described as lying nude on a bed and 2) the purpose of these pictures appeared to be arousing the Defendant, judging by the sexually explicit emails and instant messages the two exchanged. (D.E. No. 79 at 7-9.) That same information supported the finding that the display was lascivious. (Id.)

2

As to the Order's conclusion that the government's violation of Rule 41 of the Federal Rules of Criminal Procedure should not result in the suppression of the evidence, Ogden states that the Court failed to address whether that violation was intentional. The Court, however, explicitly rejected the Defendant's argument that the United States' failure was deliberate on page 24 of its Order. (Id. at 24.) Ogden also alleges that the Court did not address his argument that he suffered a Fourth Amendment violation when the government failed to serve a timely notice of the execution of its search warrant, but the Court also clearly considered and refused to adopt that stance. (Id. at 24-25.)

For the foregoing reasons, the Defendant's motion to reconsider is DENIED.

IT IS SO ORDERED this 2nd day of July, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE