IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr. No. 06-20033-STA |
| | ) | |
| DANIEL SCOTT OGDEN, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**ORDER DENYING DEFENDANT'S MOTION FOR *FRANKS* HEARING AND FOR SUPPRESSION OF EVIDENCE**
_____

Before the Court is Defendant's Motion for *Franks* Hearing and for Suppression of Evidence (D.E. # 125) filed on August 2, 2008. The Government has responded in opposition (D.E. # 136). Defendant has filed a reply brief (D.E. # 137) and a supplement to that reply (D.E. # 145). On September 10, 2008, the Court conducted a hearing concerning several matters including the instant Motion. For the reasons set forth below, the Motion is **DENIED**.

## BACKGROUND

According to the affidavit of Special Agent Stephen Lies, which was attached to the search warrant at issue in this case, Defendant, a thirty-four year old resident of Memphis, Tennessee, began an internet relationship with a minor female ("SS") from California on March

1

17, 2005.[1] SS was 15 when she initially engaged in email exchanges with Defendant.[2] During the course of their relationship, she allegedly emailed him pictures of herself "standing fully nude, smiling, or lying on her bed."[3] According to SS, the Defendant told her he saved those pictures to an external drive.[4] After SS turned sixteen, she and Defendant began discussing the possibility of having sexual intercourse.[5] Agent Lies asserted in his affidavit that those conversations included graphic and specific descriptions of sex acts that the Defendant wished to perform.[6]

On September 16, 2005, Defendant flew to California to meet SS.[7] After picking him up from the airport, SS drove the Defendant to a hotel in San Francisco, where they allegedly repeatedly engaged in sexual intercourse.[8] At some point while Defendant and SS were in each other's company, her parents discovered their relationship and called her on her cell phone.[9] Subsequently, SS decided to return home.[10] Later that day, Defendant appeared at SS's home

---

[1] D.E. # 63 Ex. A at 7-8.

[2] *Id.* at 7.

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.* at 8.

[8] *Id.*

[9] *Id.*

[10] *Id.*

2

and was arrested.[11]

Approximately a week later, Special Agent Lies visited Defendant's residence in Memphis and spoke with his grandmother, the owner of the house.[12] She invited investigators into her home and discussed her broken water heater with them.[13] According to Lies, Defendant's grandmother wanted to show them the damage done by the water heater and took them to a back bedroom where the Defendant stayed.[14] There, Lies observed an external hard drive on the night stand, as well as other external media on the bed and in an open bag on the floor.[15] The Defendant's grandmother told the investigators that there was also a computer stored in the attic.[16] The investigators collected the Gateway desktop computer from the attic ("the desktop"), the external hard drive, and the diskettes found on the bed and in the bag on the floor, and transported them back to their office.[17]

On October 13, 2005, Magistrate Judge Diane Vescovo signed a search warrant permitting the search of the desktop, the external hard drive, and the diskettes.[18] The warrant

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*; D.E. # 70 at 76.

[15] D.E. # 63 Ex. A at 8.

[16] *Id.*

[17] *Id.* at 9.

[18] *Id.* at 10-11.

was executed on October 21, 2005.[19]

Defendant has presented an earlier challenge to the warrant in his Second Motion to Suppress Evidence and to Dismiss Cause, which the Court granted in part and denied in part in its Order on May 28, 2008 (D.E. #79). Defendant now moves the Court to consider whether the omission of certain allegations from the warrant were so false or misleading that the Court should conduct a *Franks* hearing and possibly suppress the evidence. More specifically, Defendant contends that Special Agent Lies omitted three exculpatory facts from his affidavit which may have altered the Magistrate Judge's probable cause analysis: (1) SS told police in California that Defendant had told her that he had destroyed all photographs of SS in his possession, (2) SS informed police that Defendant used a laptop computer, and (3) the desktop seized from the attic at Defendant's residence was not equipped with a USB port.[20]

## **ANALYSIS**

In *Franks v. Delaware*, 438 U.S. 154 (1978), the United States Supreme Court ruled that an affidavit supporting a search warrant is entitled to a presumption of validity.[21] In order to receive a hearing on the validity of the affidavit, a defendant must offer more than a conclusory

---

[19] D.E. # 63 at 39.

[20] According to Defendant, he utilized a broadband connection to the internet which required a USB port. Therefore, the desktop computer could not have been used by Defendant to establish a broadband connection to the internet, and so the Government would not have had probable cause to believe that the desktop computer contained images sent or received by Defendant over the internet.

[21] *Franks*, 438 at 171.

4

attack and must support his challenge with more than a "mere desire to cross-examine" the affiant.[22] Instead the defendant must make "a substantial preliminary showing" of deliberate falsehood or of reckless disregard for the truth, and that allegation must be accompanied by an offer of proof.[23] Such proof should "point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons."[24] A defendant's offer of proof should include affidavits or sworn or otherwise reliable statements of witnesses or in the alternative a satisfactory explanation for their absence.[25] Allegations of negligence or innocent mistake are insufficient.[26] A proper challenge must be aimed at the deliberate falsity or reckless disregard of the affiant only, not of a non-governmental informant.[27] If these requirements are met, and if, "when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required."[28] However, if the remaining content is insufficient to support a finding of probable cause, a defendant is entitled to his hearing.[29]

---

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.* at 171-72.

[29] *Id.* at 172.

5

In the Motion before the Court, Defendant does not accuse Special Agent Lies of including false information in his warrant affidavit. Rather Defendant contends that Special Agent Lies omitted certain allegations, which, had the Magistrate Judge been aware of them, may have led her to determine that probable cause to search the seized items did not exist. In the case of omissions, the Sixth Circuit has stated that a *Franks* hearing should be granted only in "rare instances."[30] "(T)he affirmative inclusion of false information in an affidavit is more likely to present a question of impermissible official conduct than a failure to include a matter that might be construed as exculpatory."[31] Courts are less likely to conduct a *Franks* hearing over omissions because such a hearing may lend itself "to endless conjecture about investigative leads, fragments of information, or other matter that might, if included, have redounded to defendant's benefit."[32] The Sixth Circuit has noted that the potential danger associated with such a practice "to contest facially sufficient warrants is readily apparent."[33]

---

[30] *U.S. v. Graham*, 275 F.3d 490, 506 (6th Cir. 2001) (quoting *Mays v. City of Dayton,* 134 F.3d 809, 815 (6th Cir. 1998), *cert. denied,* 524 U.S. 942, 118 S.Ct. 2352, 141 L.Ed.2d 722 (1998).

[31] *U.S. v. Martin*, 920 F.2d 393, 398 (6th Cir. 1990) (quoting *United States v. Colkley,* 899 F.2d 297, 301 (4th Cir.1990)).

[32] *Martin*, 902 F. 2d at 398.

[33] *Id*.

*A. The Omission Concerning the Deletion of the Photographs*

The Court finds that Defendant has not established his right to a *Franks* hearing. Defendant has alleged that Special Agent Lies knew of the facts and omitted them intentionally or with reckless disregard for the truth. However, Defendant has failed to offer sufficient proof of any impermissible official conduct on the part of Special Agent Lies as to the first omitted fact, i.e., that SS reported to police in California that Defendant had told her that he had destroyed all photographs of herself. Although the Government has asserted that it is unaware of such a statement, Defendant cites an interview summary where SS stated that Defendant informed her that he had deleted all of the pictures of SS she had sent to him.[34] According to Defendant, Special Agent Lies was provided information from Roseville, California detective Cal Walstead. Walstead was the investigator to whom SS had made her statement about the deletion of the files, and it was upon information supplied by Walstead that Special Agent Lies conducted his search of Defendant's residence in Memphis. Defendant concludes that Special

---

[34] Defendant has cited two statements in the interview summary in support of the proposition that the Government had reason to believe that Defendant had deleted the pictures. Defendant cites the following statement from SS first: "I sent Daniel pictures of me in the bathtub. I do not think that he has them any more." However, when read in context, it is clear that at this point SS was referring only to specific photos she had taken of herself in her bathtub. Therefore, this statement alone does not appear to refer to the many other pictures SS had sent Defendant.

Defendant cites a second statement given by SS to the police which reads as follows: "I got in trouble with my Mom in the second week in June. Daniel had about three hundred pictures of me. Daniel told me that he deleted all the pictures of me. He told me that he did not want to have any involvement with me because I was involved with the police." This statement followed SS's description of "a ton of pictures" sent to Defendant. SS lists out several categories of pictures she sent to Defendant including photos of herself topless and completely nude and photos of her vagina. Some photos were transmitted by cell phone, others by computer.

7

Agent Lies must have had knowledge of SS's statement that the photos of her were deleted. Therefore, Special Agent Lies' omission of that fact in his warrant affidavit was intentional or at least reckless and should entitle Defendant to a *Franks* hearing.

The Court is not persuaded. Defendant seems to insist that an investigative officer must "include every piece of exculpatory information gathered about the case in the affidavit."[35] The Sixth Circuit has explained that this standard is "unreasonable... because the standard for obtaining a search warrant is lower than the standard to convict."[36] Permitting a *Franks* hearing under the circumstances would only lead to "endless conjecture about investigative leads, fragments of information, or other matters that might, if included, have redounded to defendant's benefit." Indeed Defendant has done nothing more than simply list out three investigative leads omitted from the warrant affidavit and made a conclusory allegation that there was misconduct without any further proof.

Not only was Special Agent Lies not required to include every bit of information that "redounded to defendant's benefit" in his warrant affidavit, his omission of SS's statement about the photos being deleted, even if intentional, was objectively reasonable under the circumstances. There is nothing before the Court that would lead it to conclude that SS had personal knowledge that Defendant had deleted the photos of herself, only Defendant's own assurances. It is clear to the Court from SS's interview with police that any statement made by Defendant to SS was unreliable and entitled to very little credibility. In the course of their relationship, Defendant had told SS that he was a twenty-five year old cancer patient, was

---

[35] *U.S. v. Sawyers*, 127 Fed.Appx. 174, 183, 2005 WL 647774, *9 (6th Cir. 2005).

[36] *Sawyers*, 127 Fed.Appx. at 183.

8

undergoing chemotherapy, described his cancer medications in technical detail, and led her to conclude that "his world centered around him being sick," all of which investigators knew to be fictions.[37] Permitting a *Franks* hearing on this issue would lead to the inevitable cross-examination of Special Agent Lies about his investigative judgments which the Sixth Circuit has described as "unreasonable." Therefore, Defendant has failed to make his substantial preliminary showing to merit a *Franks* hearing.

Additionally, Defendant has cited several Sixth Circuit cases addressing omissions from a warrant affidavit that do little to support his argument. Most of these cases on this question involve omitted facts which could undermine the credibility of an informant and might therefore cause the issuing magistrate judge to reach a different conclusion on probable cause.[38] All of the cases reinforce the proposition that omissions will not normally trigger a *Franks* hearing even if the omissions may be exculpatory or cast doubt on a witness' credibility.[39] Nothing in the facts

---

[37] D.E. # 138-4, p. 3. Indeed Defendant wore bandages on his legs and told SS that they covered places where he received shots as part of his chemotherapy.

[38] *Sawyers*, 127 Fed.Appx. at 183 (affirming denial of *Franks* hearing where criminal informant's possibly exculpatory and conflicting statements were omitted from warrant affidavit); *U.S. v. Graham*, 275 F.3d 490, 507 (6th Cir. 2001) (affirming denial of *Franks* hearing where omitted statements called informant's veracity into question); *U.S. v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997) (affirming denial of *Franks* hearing where informants had extensive criminal histories and negotiated deals in exchange for information). *See also, U.S. v. Martin*, 920 F.2d 393, 398 (6th Cir. 1990) (affirming denial of *Franks* hearing where informant had history of criminal activity and alleged drug abuse).

[39] Ironically, Defendant finds himself citing cases where defendants argue that a warrant affidavit should contain all relevant information bearing on the credibility of the Government's sources. In this case, Defendant himself, by way of SS's hearsay, was the Government's "source" for the contention that Defendant had deleted the pictures. If the cases Defendant cited had required an affiant to include other known facts bearing on a Government source's credibility, then Special Agent Lies would have had to inform the Magistrate Judge about Defendant's assurance that the photos were deleted as well as the fact that Defendant had lied to

9

of these cases would go to show that Defendant is entitled to a *Franks* hearing in the case at bar.

Even if SS's statement about the photos being deleted was included in the affidavit, the Magistrate Judge could have easily concluded that Defendant's statement to SS was unreliable and that there was probable cause to believe that the computer still contained the photos of SS and other evidence of criminal activity. First and foremost, SS told police in California that she had created three hundred (300) photos of herself, more than one of which she described as picturing her in the nude or picturing only her genitals, and sent them to Defendant via the internet and cell phone. SS also revealed the existence of emails and instant message sessions between her and Defendant describing sexual acts Defendant wished to perform on SS.[40] Even if Defendant had deleted the photos and other evidence, it would not be unreasonable to believe that the Government had the means to recover deleted images and data from Defendant's computers and storage media. Obviously there was probable cause to find that Defendant's computers and media storage would have contained evidence for the Government's investigation. Therefore, had the affidavit included the omitted statement, the Court finds that it would more than sufficiently establish probable cause to believe that evidence of criminal activity was contained in the seized computer devices.

Furthermore, even with the omission, Defendant's statement to SS about deleting the photos was entitled to little credibility due to the circumstances under which Defendant made the statement. SS told police that Defendant informed her that he had deleted all pictures of her in

---

SS about his age and his cancer diagnosis. The Court is not persuaded that Defendant's word on the matter was entitled to any credibility.

[40] D.E. # 138-4, pp. 3-4.

his possession sometime in mid-June 2005.[41] This was after Defendant became aware that SS had gone to the local police to report an unrelated domestic altercation with her mother. SS recounted, "I guess that was a red flag with him because I was involved with the police system, he did not want to be around me."[42] According to SS, it was also at this time that Defendant deleted a "Zanga" weblog page and his My Space profile.[43] It appears that these were Defendant's attempts to distance himself from SS and cover-up any publicly-accessible evidence of his relationship with her.[44]

The Court finds this situation analogous to the facts presented in *Graham* where the *Graham* defendant moved for a *Franks* hearing raising similar arguments about omissions of the defendant's own exculpatory statements from the investigator's warrant affidavit. The *Graham* defendant's statements were made after the defendant knew that he was the target of an investigation and that authorities had tapped his telephone lines. Thus, the Sixth Circuit concluded that if the *Graham* defendant's statements were included in the warrant affidavit, a magistrate judge could still view the statements to be self-serving and find probable cause for illegal activity. Similarly, while Defendant was not the subject of an investigation at the time he

---

[41] D.E. # 138-4, p. 5.

[42] *Id*.

[43] *Id*. The Court takes notice that Xanga.com is an internet-based weblog community.

[44] *Id*. Defendant might argue that his deletion of a blog and his My Space page makes it more likely that he also had deleted the photos of SS. However, the Court notes that Defendant was only deleting internet-based evidence of his relationship with SS, not personal files available only on his computer or storage media. Therefore, it would not have been unreasonable for investigators to determine that Defendant had saved the photos on his computer(s) and storage media.

made his statement to SS, Defendant told SS that he had deleted the photos only after he learned that SS had dealt with police in an unrelated matter. It is not unreasonable to conclude that Defendant was nervous and made his statement about deleting the photos in reaction to her contact with the police. Defendant also took the additional steps of deleting a blog and his My Space page, which presumably had evidence of his relationship with SS. Under the totality of the circumstances, the Magistrate Judge could have still found probable cause in the affidavit had it included the omitted statement.

As to the omission about SS's belief that Defendant had deleted the photos of her, the Court finds that Defendant is not entitled to a *Franks* hearing. Defendant has failed to make a substantial preliminary showing of impermissible official conduct on the part of the affiant Special Agent Lies. Even reading the warrant affidavit with the omission, the Court finds that there was still probable cause to believe that evidence of criminal activity was contained in the seized computer devices. Therefore, Defendant's Motion is denied as to this issue.

### B. Other Omissions

Defendant's Motion also identifies two other omissions from Special Agent Lies' warrant affidavit: that SS informed police that Defendant used a laptop computer, and the desktop seized from the attic at Defendant's residence was not equipped with a USB port. According to Defendant, these omissions were intentional or with reckless disregard for the truth. Special Agent Lies knew that Defendant had used a laptop computer and that Defendant accessed the internet using Road Runner, a broadband connection which requires a USB port. Therefore, Defendant argues that these facts should have been included in the warrant affidavit and that he

is entitled to a *Franks* hearing.

For the reasons discussed above, the Court holds that Defendant has not met his burden to make a substantial preliminary showing of impermissible official conduct in the omission of either of these facts. Furthermore, Defendant has once before raised the challenge that the affidavit deliberately omitted the fact that Defendant owned a laptop computer.[45] Addressing this same objection in its Order Granting in Part and Denying in Part Defendant's Motion to Suppress (D.E. # 79) of May 28, 2008, the Court dismissed this argument:

> Just because the Defendant also owned a laptop does not mean that he could not have saved any of the files at issue onto his desktop. Because there was probable cause to believe 1) that Ogden had access to the desktop and diskettes and 2) that he was receiving and sending electronic files that would support a violation of § 2252(a)(4)(B), § 2242 (b), and § 2423(b), the search warrant was not overbroad in permitting the computer and diskettes to be searched.[46]

While it is true that Defendant made this contention in a different context, i.e. arguing that the search warrant was overbroad, the same reasoning applies. Even if the omitted fact about Defendant's laptop was included in the affidavit, there was probable cause to believe that the desktop could have contained evidence of criminal activity. Therefore, Defendant's challenge to the omission of the fact that he used a laptop must fail.

Likewise, Defendant's challenge to the omission of the fact that the desktop did not have a USB port is unavailing. This is the first time Defendant has raised this argument concerning the desktop's lack of a USB port. Applying the same reasoning to this omitted fact as to the

---

[45] Order Granting in Part and Denying in Part Defendant's Motion to Suppress, May 28, 2008, 17.

[46] *Id.*

13

laptop argument above, the Court finds that there was probable cause to search the desktop with or without the USB port. Although it appears the desktop could not support a broadband connection to an internet service like Road Runner, Defendant still had access to the desktop and could have stored evidence of criminal activity on the desktop without using it to connect to the internet. Thus, the Court finds that there would have been probable cause to search the desktop even if the omission had been presented in the warrant affidavit.

As to the omissions about Defendant using a laptop and Defendant's desktop being without a USB port, the Court finds that Defendant is not entitled to a *Franks* hearing. Defendant has failed to make a substantial preliminary showing of impermissible official conduct. Reading the warrant affidavit with the omissions, the Court finds that there was still probable cause to believe that the desktop contained evidence of criminal activity. Therefore, Defendant's Motion is denied as to these omissions.

### C. The Good Faith Exception

Finally, even if *arguendo* the Court read affidavit with the omissions and concluded that it did not support a finding of probable cause, the Court finds that the evidence seized is admissible under the good faith exception.[47] The Court has made this determination once before with regard to Defendant's argument that the warrant was overbroad.[48] The Court finds that its

---

[47] *Sawyers*, 127 Fed. Appx. at 184 (citing *U.S. v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)).

[48] Order Granting in Part and Denying in Part Defendant's Motion to Suppress, May 28, 2008, 19-21.

analysis in its Order Granting in Part and Denying in Part Defendant's Motion to Suppress of May 28, 2008 still applies. First, there is no reason to believe that Special Agent Lies knowingly or recklessly failed to include the omissions in his affidavit. As discussed above, Defendant has failed to show that Special Agent Lies' omission of any fact rises to the level of impermissible official conduct. Second, the Court has held that Judge Vescovo did not abandon her neutral and detached role as a "magistrate" and serve as a rubber stamp for police activities. Nothing now before the Court would lead it to alter that analysis. Finally, the affidavit was not so lacking in indicia of probable cause that a belief in its existence was objectively unreasonable. Therefore, even if the omitted statements would not have supported a finding of probable cause, the Court concludes that the good faith exception would apply.

## **CONCLUSION**

Defendant's Motion for a Franks Hearing and for Suppression of Evidence is **DENIED**.

**IT IS SO ORDERED.**

                                          s/ S. Thomas Anderson
                                          S. THOMAS ANDERSON
                                          UNITED STATES DISTRICT JUDGE

                                          Date: September 22nd, 2008.