IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Cr. No. 06-20033-STA |
| DANIEL SCOTT OGDEN, | ) ) ) | |
| Defendant. | ) | |

**ORDER DIRECTING THE UNITED STATES TO SUBMIT PHOTOGRAPHS TO BE USED IN CASE-IN-CHIEF FOR *IN CAMERA* REVIEW**

Before the Court is Defendant's Notice of Objections to Certain Images as Evidence (D.E. # 141) filed on September 9, 2008.

## BACKGROUND

Defendant objects to the introduction at trial of any images in the following categories:

(1) Images portraying any person who is not SS, the minor with whom Defendant is accused of having a relationship. Defendant argues that the other images seized from his residence depict adults. The Court has already suppressed any evidence of pornographic images involving adults in an earlier Order.[1]

(2) Images which do not fall into the first four categories of sexually explicit conduct, as defined in 18 U.S.C. § 2256, and as applied in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), aff'd sub nom., *United States v. Wiegand*, 81 F.2d 1239, 1244 (9th Cir. 1987).

---

[1] Order Granting in Part and Denying in Part Defendant's Motion to Suppress, May 28, 2008, 21-22.

(3) Images which do not exhibit the genitals. According to Defendant, an image which does not exhibit the genitals cannot be lascivious under the statutory definition of "sexually explicit conduct."

In light of the fact that Defendant's objections are related to other on-going discovery issues which have been before the Court, the Court will review a series of motions Defendant has filed seeking to discover which images the Government intends to produce in its case-in-chief, particularly in its proof of Counts 1 and 3 of the indictment.[2] In his Motion for Pretrial Viewing of Government Exhibits for *Dost* Factors (D.E. # 48), Defendant argued that the Court should view all of the exhibits the Government proposed to introduce at trial and determine whether the exhibits met the criteria set forth in *Dost*. Defendant also requested to be present at any pretrial viewings. Defendant contends that U.S. District Judge J. Daniel Breen granted this motion during the December 20, 2008 report date (D.E. # 53) and a hearing was ordered for January 24, 2008 (D.E. # 59). The Court notes that nothing in the minute entries on these dates reflect Judge Breen's granting the motion or a hearing for this pretrial review.

In a separate Motion for a Bill of Particulars (D.E. # 75) filed May 15, 2008, Defendant sought a bill of particulars complete with the Government's theories as to Counts 1 and 3 of the indictment and for a list of the items of evidence to be introduced as proof for each count. Defendant stated that he and his counsel had had the opportunity to view photographs and videos, yet the Government declined to reveal which exhibits would be used to prove each count. Defendant again raised the issue of the Court reviewing the exhibits before trial in order to

---

[2] *E.g.*, Def.'s Mot. for Pretrial Viewing of Gov't Exhibits for *Dost* Factors, November 23, 2007; Def.'s Mot. for Bill of Particulars, May 15, 2008; Def.'s Renewed Mot. for Bill of Particulars, July 29, 2008.

determine whether they depict sexually explicit conduct for purposes of the statute. Due to the fact that the Government failed to file a timely response to Defendant's motion, the Court granted the motion on June 23, 2008 (D.E. # 82). Nevertheless, the Government filed a response on July 3, 2008 (D.E. # 92), in which the Government attached a list of three hundred (300) visual depictions it intended to introduce at trial.[3] The Government argued that not all of the images were to be submitted as evidence of sexually explicit conduct but to establish "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" pursuant to Federal Rule of Evidence 404(b).

Finally, Defendant filed a Renewed Motion for Bill of Particulars (D.E. # 115) on July 29, 2008. According to Defendant, he had yet another opportunity to view only the images disclosed in the Government's response on July 22, 2008. In his renewed motion, Defendant responded to the Government's list of images produced and objected that Defendant still did not know which images were to be used as proof for which count in the indictment. The Court conducted a hearing on that and other motions on September 10, 2008, at which time the Court denied Defendant's renewed motion.[4] The Court ruled that Defendant was not entitled to a road map of the Government's proof and that his opportunities to view the images satisfied the Government's discovery obligations.

---

[3] The Government did request to reserve its right to introduce additional photographs "should the need arise."

[4] Defendant filed a Motion to Reconsider this ruling (D.E. # 146) on September 15, 2008, which is still pending before the Court.

**ANALYSIS**

The Court has determined that it is proper to review the Government's exhibits before trial for the sake of efficiency and judicial economy and because of the potential prejudice to Defendant. The Government has signaled its intention to introduce approximately three hundred (300) images during its case-in-chief. Rather than hearing Defendant's objections to these images during the presentation of proof at trial, which would necessarily take place out of the presence of the jury and slow the proceedings, the Court will examine the exhibits for itself and attempt to winnow out any images which have already been suppressed by prior orders or which do not appear to satisfy the Federal Rules of Evidence. This procedure will thus address in part Defendant's objections concerning the images, particularly his first objection. The Government is hereby ordered to produce for *in camera* review the image exhibits the Government intends to introduce at trial by the close of business on Tuesday, September 23, 2008.

Defendant's second objection to the Government's exhibits is that images which do not fall into the first four categories of sexually explicit conduct, as defined in 18 U.S.C. § 2256, should be excluded. Clearly the Court cannot address this objection to the images prior to viewing the Government's exhibits. Defendant has repeatedly urged the Court to preview the images and determine whether the images are covered by section 2256, the statute defining "sexually explicit conduct" under which Defendant has been indicted. The statute defines this phrase as

    (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
    (ii) bestiality;
    (iii) masturbation;
    (iv) sadistic or masochistic abuse; or

(v) lascivious exhibition of the genitals or pubic area of any person.[5]

Therefore, in order to address Defendant's second objection to the images, the Court will determine whether the images depict sexually explicit conduct under the statute as part of its pretrial review.

As for his third objection to the images, Defendant has argued that the Court should review the images to determine whether the images allegedly containing an exhibition of the genitals or pubic area are "lascivious" by applying the *Dost* factors. The Court notes that "the lascivious exhibition of the genitals or pubic area of any person" is the fifth type of sexually explicit conduct listed in section 2256. Defendant has never cited any authority for this procedure. In fact, the Court recognizes that lasciviousness generally is a question of fact to be tried by the jury, not determined by the Court before the trial commences.[6] The jury function is, of course, subject to motions under Federal Rule of Criminal Procedure 29 where the Court may consider whether a reasonable jury could find an image lascivious.[7] The Sixth Circuit has recognized a potential prejudice to a defendant where a jury knows that the trial court excluded some images as non-lascivious but not others.[8] In other words, a jury might conclude that the images which were not excluded were, in fact, lascivious simply by virtue of the fact that the

---

[5] 18 U.S.C. § 2256(2)(A).

[6] *See U.S. v. Frabizio*, 459 F.3d 80, 88 (1st Cir. 2006) ("No other circuit court, as best we can tell, has ever approved the use of the *Dost* factors in a pretrial proceeding to remove the consideration of the lasciviousness of an image from a jury").

[7] *Frabizio*, 459 F.3d at 85. *See also U.S. v. Campbell*, 81 Fed. Appx. 532, 534 (6th Cir. 2003).

[8] *Campbell*, 81 Fed. Appx. at 535-36.

Court did not exclude them. In *U.S. v. Campbell*, the United States District Court for the Western District of Tennessee (J. Todd), granted the defendant's Rule 29 Motion as to sixty-six (66) images. In the case at bar, the Government has indicated that it has hundreds of images to present as evidence. Thus, the prejudice to Defendant arguably is even greater in this case if the images were presented to the jury and the Court subsequently determined that as a matter of law, there were a significant number of images which a reasonable jury could not find to be lascivious. In light of these principles, the Court will examine the images the Government intends to introduce at trial and determine whether a reasonable jury could conclude that any depictions involving the "exhibition of the genitals or pubic area of any person" are lascivious.

The Government is ordered to produce for the Court's *in camera* review the images it intends to use as evidence at trial by September 23, 2008. The *in camera* review will be conducted by the Court only. Therefore, Defendant's request to be present for the viewing is denied.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 22nd, 2008.