IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr. No. 06-20033-STA |
| | ) | |
| DANIEL SCOTT OGDEN, | ) | |
| | ) | |
| Defendant. | ) | |

___

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**
___

Before the Court is Defendant's Motion for Reconsideration of Ruling on the Defendant's Motion for Bill of Particulars, or in the Alternative, Motion to Compel Performance upon the Court's Earlier Granting of the Defendant's Motion for a Bill of Particulars (D.E. # 146) filed on September 15, 2008. For the reasons set forth below, the Motion is **DENIED**.

## BACKGROUND

In his first Motion for a Bill of Particulars (D.E. # 75) filed May 15, 2008, Defendant sought a bill of particulars complete with the Government's theories as to Counts 1 and 3 of the indictment and for a list of the items of evidence to be introduced as proof for each count. Defendant stated that he and his counsel had had the opportunity to view photographs and videos, yet the Government declined to reveal which exhibits would be used to prove each count. Defendant also raised the issue of the Court reviewing the exhibits before trial in order to determine whether they depict sexually explicit conduct for purposes of the statute. Due to the fact that the Government failed to file a timely response to Defendant's motion, the Court

1

granted the motion on June 23, 2008 (D.E. # 82). Nevertheless, the Government filed a response on July 3, 2008 (D.E. # 92), in which the Government attached a list of three hundred (300) visual depictions it intended to introduce at trial.[1] The Government argued that not all of the images were to be submitted as evidence of sexually explicit conduct but to establish "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident" pursuant to Federal Rule of Evidence 404(b).

In his Renewed Motion for Bill of Particulars (D.E. # 115) filed July 29, 2008, Defendant again objected that the Government's response and list of 300 images was not sufficient as a bill of particulars because it did not allow him to discover which images would be used to prove each count. The Renewed Motion came after Defendant had the opportunity to view the 300 images disclosed by the Government's in response to the Court's order. Defendant summarized his renewed request as follows:

> 1. Which image or images did Mr. Ogden produce in violation of 18 U.S.C. § 2251(a) as charged in Count 1?
>
> 2. Which image or images did Mr. Ogden possess in violation of 18 U.S.C. § 2252(a)(4)(B) as charged in Count 3?

Defendant also requested a full list of all 5,500 images charged in Count 3.

The Government responded that Defendant was not entitled to the discovery he seeks. According to the Government, the indictment gave Defendant sufficient notice of the charges against him. Therefore, a bill of particulars was unnecessary in this case. Not only has the Defendant been provided with the list of exhibits the Government intends to use to make its case,

---

[1] The Government did request to reserve its right to introduce additional photographs "should the need arise."

the Government has also provided Defendant with several opportunities to review the exhibits. Finally, the Government argues that revealing to Defendant which exhibits would go to prove each count amounted to a preview of the Government's theory of the case. Not only is this not the purpose of a bill of particulars, Defendant is not entitled to have the Government "weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendants. . . ."

On September 10, 2008, the Court conducted a hearing on Defendant's Renewed Motion for Bill of Particulars, among other matters. At that hearing (D.E. # 142), the Court denied Defendant's Renewed Motion due to the fact that the Government had met its discovery obligations and complied with its duty to provide a bill of particulars as ordered by this Court by narrowing the list of possible exhibits from several thousand down to approximately 300. Above all, the Court determined that Defendant was not entitled to discovery of the Government's theory of the case.

Defendant has now filed the instant Motion urging the Court to reconsider its ruling as to the Renewed Motion. Defendant states that the Court has in effect reversed its earlier ruling of June 23, 2008, granting Defendant's Motion for Bill of Particulars. Defendant argues that his Motion for a Bill of Particulars and his Renewed Motion for Bill of Particulars are the same motion, and so the Court has now granted the former but denied the latter. Additionally, Defendant contends that the Court's denial of his Renewed Motion allows the Government to "reverse itself" because it did not object to Defendant's original Motion for Bill of Particulars. The Government also violated the Court's Order granting the original Motion (D.E. # 82) by providing the wrong information, refusing to provide the correct information, and forcing

3

Defendant to file his Renewed Motion. More specifically, Defendant objects that the Government's "other acts" evidence, which it seeks to admit under Federal Rule of Evidence 404(b), was not even the subject of his Motion for a Bill of Particulars.

Defendant objects that the list of 301 computer files the Government did provide (D.E. # 116) contains images of adults fully clothed or adults engaging in sexually explicit conduct. Defendant does admit that most of the images are of a minor but that the minor is fully or partially clothed and not engaged in sexually explicit conduct. Again Defendant stresses that the information he seeks is necessary for his defense and perhaps for his decision to change his plea.

## ANALYSIS

The Federal Rules of Criminal Procedure do not provide for motions to reconsider. "Courts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)."[2]

> The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters properly encompassed in a decision on the merits. This rule gives the district court the power to rectify its own mistakes . . . Generally, three situations justify a district court altering or amending its judgment:
> (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice. It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal.[3]

---

[2] *United States v. Willyard*, No. 3:07-CR-44, 2008 WL 471683, at *1 (E.D. Tenn. Feb. 19, 2008) (citation omitted).

[3] *Sherwood v. Royal Ins. Co. of Am.*, 290 F. Supp. 2d 856, 858 (N.D. Ohio 2003) (internal citations and quotation marks omitted).

Moreover, "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."[4]

In his Motion to Reconsider, Defendant has reasserted many of the arguments he raised in his previous Motions for a Bill of Particulars. Defendant has never presented any authority for the proposition that a bill of particulars should include a complete road-map to the evidence or a rehearsal of the Government's case against a defendant. Indeed the Court is not aware of any such authority. Defendant's argument to the contrary, the original Motion and the Renewed Motion are not the same motion. Defendant's original Motion was granted, and in response the Government produced a list of 301 images it intended to introduce as exhibits at trial. Defendant was also given yet another opportunity to view the images in preparation for his defense. Clearly Defendant received the relief to which he was entitled even if it was not all of the relief he had demanded in his original Motion.

Thereafter, Defendant filed his Renewed Motion seeking more detailed disclosure of the very things, namely the exact images the Government intends to use as proof of Counts 1 and 3, to which he is not entitled. Defendant's Renewed Motion raises no arguments in support of this position. Likewise, the instant Motion to Reconsider fails to provide any support for his request for more detailed information. Furthermore, Defendant's complaint about the volume of images which do not appear to be evidence of illegal activity are moot in light of the Court's previous orders and its *in camera* review of the Government's exhibits ordered on September 22, 2008.[5]

---

[4] *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (citation omitted).

[5] Order Granting in Part and Denying in Part Defendant's Motion to Suppress, May 28, 2008. This order suppressed all evidence collected pursuant to the search of Defendant's

As a result, the Motion to Reconsider is **DENIED**.

    **IT IS SO ORDERED.**

                                 **s/ S. Thomas Anderson**
                                 S. THOMAS ANDERSON
                                 UNITED STATES DISTRICT JUDGE

                                 Date: September 29th, 2008.

---

residence which contained pornographic images involving adults.  Order at 21-22.