IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr. No. 06-20033-STA |
| | ) | |
| DANIEL SCOTT OGDEN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT'S MOTION TO HOLD ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL IN ABEYANCE, AND TO ALLOW FURTHER CONTINUANCE TOWARD PREPARATION OF MOTION FOR JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL**

Before the Court is Defendant's Motion to Hold Order Denying Motion for Judgment of Acquittal in Abeyance (D.E. # 211) filed on February 25, 2009. The Court heard oral arguments on this and other pending motions from counsel for both parties on March 5, 2009. For the reasons discussed below, the Motion is **DENIED**.

### BACKGROUND

A jury was impaneled and trial commenced in this matter on October 1, 2008. On October 6, 2008, Defendant was convicted on nine counts related to the sexual exploitation of a minor. On October 8, 2008, Defendant filed a motion for extension of time in which to supplement his motion for judgment of acquittal and to file a motion for a new trial (D.E. # 189). Defendant stated his intention to supplement his motions for judgment of acquittal made during the trial as well as file a motion for a new trial. Defendant cited his need for "the trial transcript in order to prepare the motions" and sought an additional thirty (30) days "following receipt of

1

the trial transcript" to prepare his motions.[1] Defendant's motion repeatedly referred to the need for a "trial transcript." The Court granted Defendant's motion on October 15, 2008 (D.E. # 192) but allowed him thirty (30) days from the entry of its Order, not from the receipt of the trial transcript.

Thereafter, Defendant filed a second motion for extension (D.E. # 196) on November 14, 2008, in which Defendant stated that he had not yet received "the entire trial transcript." Defendant argued that counsel had requested "the trial transcript" from the participating court reporters. However, as of the date on which the second motion for extension was filed, counsel had only received transcripts of the proceedings from October 2 and 6 and the afternoon proceedings from October 1. Defendant specifically cited the need for further "trial transcripts from private court reporters who transcribed portions of October 1 and October 3." Defendant's motion did not state his need for any other transcripts to prepare his supplemental motion for judgment of acquittal or his motion for new trial. Despite the government's renewed objections to the extension, the Court granted Defendant's motion on November 17, 2008 (D.E. # 198) and allowed him thirty days "dating from receipt of the full trial transcript."

On February 18, 2009, the Court entered an order (D.E. # 208) denying Defendant's Rule 29 motion for judgment of acquittal. According to the docket, the Court found that "the full trial transcript became available to Defendant no later than December 31, 2008, making Defendant's motions due on or about February 1, 2009." The Court further found that Defendant's thirty days from receipt of the trial transcript in which Defendant could file a supplemental motion for judgment of acquittal and a motion for new trial had passed.

---

[1] Def.'s First Mot. for Ext. 1, Oct. 8, 2008.

On February 25, 2009, Defendant filed the instant Motion. Defendant argued, "while all trial transcripts in this matter were ordered, not all portions which were ordered were provided." Among the missing portions were colloquies among counsel and the Court, which Defendant had still not received as of the time of filing the Motion. Defendant further contended that other transcripts of pretrial matters "which impacted upon the conduct of the trial" were requested but had not been received. Defendant admitted that "the defendant and counsel also recently realized that they need the transcript of the jury selection process, which was not originally requested." Defendant seeks an extension of sixty (60) days from "the date of the receipt of all the trial transcripts and other transcripts."

At the hearing on this Motion, the Court questioned counsel for Defendant about the specific requests for transcripts, the date on which the requests were made, the date the transcripts were received, and what was omitted from the transcripts which were provided. Because Defendant did not have that information available at the hearing, the Court ordered Defendant to file the information with supporting documentation by the close of the next business day, which Defendant did (D.E. # 218).

The government responded in opposition to the Motion at the hearing. The government lodged the same objections that it had made when Defendant had moved for his two prior extensions of time, namely, that Defendant had failed to explain how the transcripts would support his motion for judgment of acquittal or motion for a new trial. Defendant had not identified any legal error or theory upon which his motions would be based or which might entitle him to any relief. Furthermore, Defendant and counsel were present at all times during the trial and should be able to articulate their grounds for a judgment of acquittal or a new trial

with or without citation to the record. Any other issues Defendant might raise would properly be before the Sixth Circuit on appeal.

## **ANALYSIS**

The Court holds that Defendant's Motion to Hold in Abeyance is not well taken and is therefore denied. As an initial matter, the Court notes that generally motions, appeals, or scheduling deadlines are properly the subject of a motion to hold in abeyance.[2] The Court is hard pressed to find authority for holding an order which has already been entered in abeyance. The better procedure appears to be to treat the instant Motion as a motion to alter or amend.

The Federal Rules of Criminal Procedure do not provide for motions to alter or amend. "Courts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)."[3] Motions under Fed. R. Civ. Rule 59(e) may be based upon one of the following grounds: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) to prevent manifest injustice.[4] The instant Motion argues that the Court should reconsider its Order Denying Defendant's Motion for Judgment of Acquittal of February 18, 2009 and grant Defendant additional time in which to prepare his supplemental

---

[2] *E.g. Gibson v. Wal-Mart Stores, Inc.*, 1999 WL 503459, *4 (6th Cir. 1999) ("A motion to hold another motion in abeyance is similar to a motion for a continuance"); *B.J. Alan Co., Inc. v. ICC*, 920 F.2d 932 (6th Cir. 1990) (dismissing motion to hold briefing schedule in abeyance); U.S. v. Smith, 331 F.2d 145 (6th Cir. 1964) (holding appeal in abeyance).

[3] *United States v. Willyard*, 2008 WL 471683, at *1 (E.D. Tenn. Feb. 19, 2008) (citation omitted).

[4] *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

4

motion for judgment of acquittal and motion for new trial.  Defendant argues that he had not received all of the trial transcripts requested and needs the additional time to obtain the "missing" transcripts.  However, Defendant has failed to demonstrate the existence of some evidence which would lead the Court to reverse its ruling.

First, Defendant's previous motions for extension have cited the need for the trial transcripts in aid of preparing a motion for judgment of acquittal and a motion for new trial.  Defendant's motions and the Court's second order granting the extension were clear that Defendant's enlargement of time began to run upon the availability of the trial transcripts and nothing else.  Now for the first time, Defendant argues that he also requested and did not receive transcripts of various pretrial matters.  In fact, it appears that Defendant has been requesting transcripts of pretrial matters as recently as February 6, 2009, that is, four months after the date of his conviction.[5]  Therefore, to the extent that Defendant now seeks additional time for the purpose of obtaining any transcript that does not pertain to the trial itself, the instant Motion is denied.

Turning to the trial transcripts, Defendant argues that not all portions of the transcript which were ordered have been provided, specifically, the colloquies between counsel and the Court.  Defendant has identified two trial transcript requests which he contends he has not received.  The first is the transcript of September 30, 2008, the first day of the proceedings.  According to the minute entry for that date (D.E. # 172), the Court took up a variety of preliminary matters and began voir dire.[6]  The docket indicates that Lisa Mayo, a private court

---

[5] Def.'s Memo., ex., 8-10.

[6] D.E. 172, Sept. 30, 2008.

reporter, was present for the proceedings from 9:34 a.m. to 1:29 p.m., and official court reporter Mark Dodson transcribed the proceedings from 2:31 p.m. to 3:28 p.m. Defendant has attached as an exhibit his counsel's request for that transcript to Lisa Mayo dated October 15, 2008.[7] The request sought "Trial held before Judge Anderson on Sept. 30, 2008 all colloquy among the parties and court and testimony of all witnesses."[8] The same exhibit shows that counsel for Defendant received the transcript on November 26, 2008, and certified "I hereby certify that the above transcript was received."[9] Now Defendant argues that the transcript did not include the colloquies and that he needs the colloquies for the preparation of his post-trial motions.

The second trial transcript which Defendant has claimed was never provided was a portion of the proceedings from October 1, 2008, specifically that part described at docket entry 177. According to the minute entry, the Court addressed preliminary matters and conducted voir dire from 9:34 a.m. to 11:15 a.m.[10] Upon review, the majority of the twenty-three (23) pages of transcript for those proceedings included the Court's preliminary instructions to the jury following the administration of their oath. Dodson was the court reporter present for the entire period in question. Defendant has attached as an exhibit his counsel's request for that transcript to Dodson dated October 16, 2008.[11] The request sought "Trial held before Judge Anderson on

---

[7] Def.'s Memo., ex., 5.

[8] *Id*. The Court notes that the original actually sought a transcript for October 3, but "October 3" was crossed out with an ink pen and the words "Sept. 30" handwritten above it.

[9] *Id*.

[10] D.E. 177, Oct. 1, 2008.

[11] Def.'s Memo., ex., 4.

6

9/30/2009 - 10/4/2008 all colloquy among the parties and court and testimony of all witnesses."[12] The same exhibit shows that counsel for Defendant received the transcript on November 21, 2008, and certified "I hereby certify that the above transcript was received."[13] Defendant argues that he never received the transcript despite the fact that his counsel certified that she had received it. While it is true that this portion of the transcript was not added to the court docket until March 10, 2009, there is no other evidence that Defendant did not have the transcript in question before that time.

Based on these "missing" transcripts, Defendant argues that the Court should reconsider its denial of his motion for judgment of acquittal and grant Defendant additional time in which to prepare his supplemental motion for judgment of acquittal and motion for new trial. The Court holds that with respect to reconsidering its Order Denying Defendant's Motion for Judgment of Acquittal, Defendant's Motion is denied. A motion for judgment of acquittal calls upon the Court to consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[14] The Sixth Circuit "will reverse a judgment for insufficiency of evidence only if this judgment is not supported by substantial and competent evidence upon the record as a whole."[15] The Sixth Circuit has further described a defendant's burden to carry a

---

[12] *Id*. at 4.

[13] *Id*.

[14] *U.S. v .Humphrey*, 279 F.3d 372 378 (6th Cir. 2002).

[15] *United States v. Chavis,* 296 F.3d 450, 455 (6th Cir.2002).

Rule 29 motion as "an uphill battle."[16]  If Defendant was in fact denied any trial transcripts, it is undisputed that the "missing" portions were colloquies during jury selection from September 28 and the preliminary jury instructions from October 1.  Clearly these colloquies and the Court's preliminary instructions do not involve the evidence admitted at trial.  As a result, jury selection and preliminary jury instructions would have no bearing on the consideration of a Rule 29 motion.  It also appears that Defendant was in possession of all other trial transcripts no later than December 31, 2008.  Consistent with the Court's previous orders granting Defendant extensions of time, Defendant's supplemental Rule 29 motion was due on or before February 1, 2009.  In the absence of some other proof that Defendant was denied transcripts containing evidence which could form the basis of a Rule 29 motion, Defendant's Motion to Reconsider is denied.

Defendant's Motion also seeks additional time in which to prepare a motion for new trial.  The Court notes that its February 18 Order found that the deadline for filing a motion for new trial had passed.  Defendant contends that the Court was mistaken in concluding that he had received the full trial transcript as of December 31, 2008, and seeks in the instant Motion an extension of sixty (60) after the receipt of the rest of the transcript to file his motion for new trial.

Defendant has presented no arguable basis for the extension he seeks, and his Motion is therefore denied as to this relief.  The Court finds Defendant's argument as to "missing" portions of the trial transcript unpersuasive.  First, counsel for Defendant certified that the transcripts were received November 21 and 26, respectively, or more than three months ago.  Defendant has not explained why counsel certified that she had received the requested transcripts if in fact she

---

[16] *U.S. v. Wagner*, 382 F.3d 598 (6th Cir. 2004).

had not. Second, having been in receipt of the transcripts for several months, Defendant has failed to show when he discovered the alleged omissions and when he renewed his request for the "missing" portions, if ever. In fact, the only request on the record, which appears to duplicate a previous request, was submitted to Karla Seely on March 4, 2009, and requested "jury selection, all colloquy among the parties and court, testimony of all witnesses, openings and closings."[17] There is no other proof that Defendant brought the omissions to the attention of any court reporter or made additional requests for transcripts subsequent to receiving them in November. Under the circumstances, Defendant has failed to satisfy the Court that he has acted diligently to prepare his motion for new trial and to obtain the "missing" trial transcripts. More importantly, Defendant has failed to demonstrate that he never received the transcripts. Therefore, Defendant's request for further extension is denied.

Even if Defendant never received the transcripts as he argues, Defendant has failed to show that the omitted portions contained information material to the preparation of his post-trial motions. Defendant's only stated need for the transcripts is for the purpose of providing citations to the record. Even assuming *arguendo* that Defendant was denied the transcripts at issue, Defendant has not alleged that the jury selection process or the preliminary charge to the jury would entitle him in any way to a new trial. In the course of asking for the extensions of time to prepare his motions and now in the Motion before the Court, Defendant has yet to explain what the transcripts contained which would support any post-trial motion. Based on Defendant's varied and ongoing requests for transcripts, it appears to the Court that Defendant

---

[17] *Id*. at 11. The request is addressed to Karla Seely, a private court reporter who was present for parts of the trial.

seeks the additional time not to obtain the transcripts to provide citations but to search the record for some basis for a new trial. Therefore, Defendant's Motion for the enlargement of time for the purpose of preparing his motion for new trial is denied.

## CONCLUSION

Having taken up Defendant's Motion as a motion to alter or amend, the Court denies Defendant the relief requested. Defendant's broad request for transcripts of pretrial matters falls well beyond the scope of Defendant's previous motions for extensions and the Court's orders granting those motions. The only arguably "missing" trial transcripts Defendant has identified concern matters which would have no relevance to his Rule 29 Motion. Despite Defendant's argument to the contrary, Defendant has failed to show that there were portions of the record he had not received. Additionally, even if these transcripts were "missing," Defendant has failed to argue what the missing voir dire colloquies or the Court's preliminary jury instructions might contain which would justify a motion for new trial. Therefore, Defendant's Motion to Reconsider is **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 20th, 2009.